IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| **KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES,**<br><br>    Plaintiff,<br><br>v.<br><br>**UNITED STATES, et al.**,<br><br>    Defendants. | Case No. 15-cv-04907-DDC-KGS |

## MEMORANDUM AND ORDER

The court has reviewed the parties' responses to its June 7, 2017 Order (Doc. 79) and determined that it lacks jurisdiction to decide whether the preliminary injunction in this case has dissolved of its own accord or otherwise should be vacated.

"[W]hen a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for 'collateral matters not involved in the appeal.'" *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) (quoting *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998)).  Here, Intervenors' appeal from the court's Order granting plaintiff's motion for a preliminary injunction still is pending before the Tenth Circuit.  Doc. 66.  So, it would appear, the court lacks jurisdiction to consider whether the preliminary injunction has dissolved.

Nonetheless, Intervenors ask the court to find that the injunction has dissolved, even though they concede that "a live appeal" remains "pending before the Tenth Circuit."  Doc. 85 at 2.  Intervenors do not theorize that the court has jurisdiction to determine the status of the injunction.  Instead, they base their request on the fact that plaintiff originally agreed with Intervenors that the preliminary injunction had dissolved.  At least the factual premise of Intervenors' argument is correct.  Plaintiff originally asked the court to find that the injunction

had dissolved on its own. Doc. 83. But, when the United States filed its Response to the court's June 7, 2017 Order questioning the court's jurisdiction to determine the injunction's status, plaintiff changed position. It agreed with the United States's view of the relevant case law. Doc. 84. The court's research reveals no Tenth Circuit case in point, but the District of New Mexico faced a similar situation in *Fleming v. Gutierrez*, No. 13-CV-222 WJ/RHS, 2014 WL 12652305 (D.N.M. Dec. 31, 2014).

In *Fleming*, the court granted the plaintiffs' motion for a preliminary injunction. *Id.* at *1. The injunction's terms stated that it would be in effect from September 12, 2014, until the election ended on November 4, 2014, "at which point, the [c]ourt noted it would inquire whether further matters pending in the case precluded the dismissal and closure of the injunction." *Id.* The defendants appealed the court's injunction order on October 9, 2014. *Id.* After the November 4 election, plaintiffs filed a motion, asking the court to "dissolve the Preliminary Injunction," and "essentially argu[ing] that the injunction ha[d] served its purpose and [could] be dissolved on its own terms, despite the appeal because any relief [the] [d]efendants [sought] on appeal ha[d] been foreclosed." *Id.* The New Mexico district court disagreed. It explained that one of the issues on appeal was whether it "had jurisdiction to impose the injunction" in the first place, and so dissolving the injunction could not be collateral to the appeal. *Id.* at *2. "Whether th[e] [c]ourt had jurisdiction to impose the Preliminary Injunction . . . is the lifeblood of the injunction." *Id.* The court thus denied the plaintiffs' motion, holding that it had "no authority to dissolve the injunction" "[u]ntil the Tenth Circuit reach[ed] its decision on the pending appeal." *Id.* at *1.

As in *Fleming*, a question exists in this case whether the preliminary injunction has dissolved on its own. Also like *Fleming*, Intervenors have appealed the court's preliminary

2

injunction order, arguing that our court lacked jurisdiction to hear this case and enter the injunction.  Brief of Defendants-Appellants at 14, *Kansas ex rel. Kan. Dep't for Children & Families v. SourceAmerica*, No. 16-3228 (10th Cir. Oct. 10, 2016), ECF No. 1019699962.  And here, the Tenth Circuit has asked the parties to brief the question whether the arbitration panel's decision mooted Intervenors' appeal.  Order, *Kansas ex rel. Kan. Dept. for Children & Families*, No. 16-3228 (10th Cir. May 12, 2017), ECF No. 1019809248.

The court agrees with the District of New Mexico's reasoning in *Fleming*, while such questions pend before the Tenth Circuit the court may not address the preliminary injunction's status.  Not only is the question whether the court had jurisdiction to impose the preliminary injunction part and parcel of the injunction, the question posed by the court's June 7, 2017 Order nearly is identical to the Tenth Circuit's mootness question.  The court thus concludes that it has no jurisdiction over questions about the preliminary injunction's status.  *See, e.g.*, *Int'l Bus. Machs. Corp. v. Johnson*, 355 F. App'x 454, 455–56 (2d Cir. 2009) (holding that the district court had no jurisdiction to consider the plaintiff's second motion for a preliminary injunction while an appeal from the court's denial of its first motion for a preliminary injunction was pending before the Second Circuit, even though the plaintiff's second motion "asserted a nominally different cause of action"); *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1066–68 (D.N.M. 2016) (discussing cases where various federal courts, including our court, have held that a district court lacked jurisdiction over questions about preliminary injunctions where parties had appealed the court's injunction ruling); *Mountain Sols., Inc. v. State Corp. Comm'n of State of Kan.*, 982 F. Supp. 812, 814–16 (D. Kan. 1997) (holding that the district court had no jurisdiction to consider the plaintiffs' request for a permanent injunction while an

4

appeal from the court's denial of their preliminary injunction motion was pending before the Tenth Circuit).  The court declines to take any action until the Tenth Circuit has acted.

**IT IS SO ORDERED.**

**Dated this 25th day of July, 2017, at Topeka, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**